UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JADA A. YEE,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-03153-CSK (SS)

ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

(ECF Nos. 14, 16)

Plaintiff Jada A. Yee seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for disability insurance benefits and supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand with instructions to grant Plaintiff's claims for benefits. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is GRANTED, the Commissioner's cross-motion is DENIED, and the final decision of the Commissioner is REVERSED AND REMANDED.

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 8, 11, 12.)

## I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On July 15, 2021, Plaintiff applied for disability insurance benefits and supplemental security income under Title XVIII and Title XVI of the Social Security Act, with an alleged onset date of January 1, 2020. Administrative Transcript ("AT") 67. Plaintiff alleged her ailments were Bipolar 1 Disorder, depression, anxiety, and obsessive-compulsive disorder ("OCD")-Dermatillomania. *Id*. Plaintiff's applications were denied initially and upon reconsideration, and she sought review before an Administrative Law Judge ("ALJ"). AT 140, 147, 153. On February 6, 2023, the ALJ

issued a finding that Plaintiff was not disabled. AT 14-32. The Appeals Council denied Plaintiff's appeal on September 7, 2023. AT 1. Plaintiff subsequently initiated the civil action *Yee v. Commissioner of Social Security*, Case No. 2:23-cv-02570-CSK (SS) (E.D. Cal.), which was voluntarily remanded to an ALJ. AT 1174-75.

A second ALJ hearing was held on May 20, 2025. AT 1125. Plaintiff appeared in person with counsel, where Plaintiff testified about her impairments and a vocational expert ("VE") testified about hypothetical available jobs in the national economy. AT 1124-48.

On July 2, 2025, the ALJ issued an opinion finding Plaintiff not disabled. AT 1100-18. At step one, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since January 1, 2020, the alleged onset date. AT 1106. At step two, the ALJ found that Plaintiff suffered from the following severe impairments: depressive disorder, anxiety disorder, borderline personality disorder, bipolar disorder, sedative use disorder, and excoriation disorder. *Id*. At step three, the ALJ concluded that Plaintiff did not have an impairment or any combination of impairments that met or medically equaled any listing. AT 1106-1108 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1). Relevant here, the ALJ evaluated listings 12.04 (Depressive, bipolar and related disorders), 12.06 (Anxiety and obsessive-compulsive disorders), and 12.08 (Personality and impulse-control disorders).[2] The ALJ concluded Plaintiff had moderate limitations in understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. AT

---

[2] "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b.

"Paragraph C" sets the criteria for "serious and persistent mental disorders," requiring a showing of medically documented history of the existence of the disorder for a period of at least two years. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.c.

1106-1107. The ALJ also found “Paragraph B” was not satisfied due to Plaintiff’s impairments not causing at least two “marked” or one extreme limitation. AT 1107. The ALJ also examined whether Plaintiff’s mental impairments qualify under “Paragraph C.” *Id*. The ALJ found that the criteria was not satisfied due to a lack of evidence showing Plaintiff had a minimal capacity to adapt to changes in her environment or demands that are not already a part of her daily life. *Id*.

The ALJ next found Plaintiff had the residual functional capacity (“RFC”) to perform a full range at work at all exertional levels but with the following nonexertional limitations:

> [Plaintiff] can understand, remember, and carry out simple job instructions; can deal with occasional changes in work routine; can have occasional interactions with coworkers and supervisors but no team work assignments and no work with the public; can perform tasks that do not involve a specific production rate pace such as assembly line work or an hourly production quota work.

AT 1108. In making this finding, the ALJ considered Plaintiff’s symptoms “to the extent which these symptoms can reasonably be accepted as consistent with the objective medical evidence,” medical opinions, and prior administrative findings. *Id*.

Evaluating the medical opinions on Plaintiff’s mental limitations, the ALJ found the opinion testimonies of Dr. Regazzi, state agency medical consultants, and a portion of Nurse Practitioner Murphy’s September 2021 mental status evaluation to be persuasive. AT 1114-15.

Dr. Regazzi found that Plaintiff had mild to moderate limitations in working on a consistent basis and had moderate limitations in her ability to complete a normal workweek, interact with the public, and respond to usual work situations. *Id*. (citing AT 1377-1386). The ALJ found this opinion to be consistent with the other persuasive opinions and of the state agency consultants. AT 1115. The ALJ also concluded Dr. Regazzi’s opinion is supported by the findings and observations on direct examination of Plaintiff. *Id*.

The state agency medical consultants concluded Plaintiff had moderate functioning limitations and required a limitation to simple, repetitive tasks with adequate production without intensive involvement with the general public. AT 1115 (citing AT 66-81, 82-97, 100-18, 119-37). The ALJ also found these opinions to be consistent with the other persuasive opinions and supported by detailed, specific findings within the opinion testimony. AT 1115.

Nurse Practitioner Murphy had opined in September 2021 Plaintiff had a good ability to understand, remember, and carry out simple instructions. *Id*. (citing AT 818-23). Further, Ms. Murphy opined that Plaintiff had a good ability to understand, remember, and carry out simple and complex instructions and may act appropriately with supervisors and coworkers. *Id*. Ms. Murphy also found Plaintiff had a fair ability to maintain concentration, attention, persistence, performing activities within a schedule, maintaining regular attendance, and appropriately interacting with the public. *Id*. The ALJ likewise found this opinion to be consistent with the other persuasive opinions and supported by Ms. Murphy's discussed treatment records and personal observations while directly examining Plaintiff. AT 1115.

Conversely, the ALJ found that an October 2020 opinion by Ms. Murphy finding that it was unlikely Plaintiff could work for 40 hours a week and a September 2021 evaluation opining that Plaintiff had a poor ability to complete a normal workday or workweek without interruptions and to respond to changes in the work setting were not persuasive because they were inconsistent with the following: (1) treatment records showing improvement with medication, diminished use of sedatives, and therapy; (2) Plaintiff's daily activities; and (3) other medical opinions and prior findings. AT 1115-16 (citing AT 788, 818-23).

Further, the ALJ evaluated statements Ms. Murphy had made in December 2022 at the request of the Appeals Council, which opined that Plaintiff could not concentrate and pay attention for more than two hours at a time for simple tasks when she was depressed. AT 1116 (citing 1019-21). The ALJ concluded that this opinion was not

persuasive because it was not supported by Ms. Murphy's clinic notes that indicate Plaintiff had generally mild or moderate depression despite finding that Plaintiff had spent most of her time depressed. *Id*. The ALJ also found that Ms. Murphy's opinion was inconsistent with the findings of Dr. Regazzi, which found that while Plaintiff was initially anxious at the beginning of her consultation, her symptoms improved throughout the appointment. *Id*. Further, the ALJ concluded that the opinion was inconsistent with the opinions of Dr. Regazzi, Ms. Burnett, described below, and with the state agency consultants. *Id*.

The ALJ found the opinion of Nurse Practitioner Burnett to be less persuasive. *Id*. Ms. Burnett opined Plaintiff had a motivation-dependent ability to concentrate for more than two hours, handles changes with some difficulty, and had no specific limitation in interacting with others. *Id*. (citing AT 1516-19). The ALJ concluded that the opinion was vague but found that Ms. Burnett's unspecified degree of limitations were consistent with moderate limitations outlined in the RFC. *Id*. Further, the ALJ found this opinion to be supported by Ms. Burnett's clinic notes indicating no changes in medication or treatment but showed ongoing symptomology. *Id*.

At step four, the ALJ concluded Plaintiff did not have past relevant work. AT 1116. However, at step five, the ALJ determined Plaintiff was capable of performing other jobs in the national economy, including: (1) housekeeping cleaner, Dictionary of Occupational Titles ("DOT") # 323.687-014, SVP 2, with 180,000 jobs in the national economy; (2) marker, DOT # 209.587-034, SVP 2, with 120,000 jobs in the national economy; and (3) kitchen helper, DOT # 318.687-010, SVP 2, with 125,000 jobs in the national economy.[3] AT 1117. Thus, the ALJ concluded Plaintiff was not disabled. AT 1117-18.

Plaintiff filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 14,

---

[3] "SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." See DOT, App. C, § II, available at 1991 WL 688702.

16.)

## III. ISSUES PRESENTED FOR REVIEW

Plaintiff argues the ALJ erred in (1) evaluating Ms. Murphy, the state agency medical consultants, Dr. Regazzi, and Ms. Burnett's medical opinion testimonies; and (2) in discounting Plaintiff's subjective symptom testimony. Pl. Mot. at 18-29 (ECF No. 14). Defendant argues that the ALJ properly evaluated both the medical opinion testimonies and Plaintiff's subjective symptom testimony. Def. Mot. at 3-13 (ECF No. 16).

## IV. DISCUSSION

### A. Medical Opinion Testimony

#### 1. <u>Legal Standards</u>

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC" (residual functional capacity). *Rounds v. Comm'r Soc. Sec. Admin*., 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The applicable rules provide that adjudicators for the Social Security Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the

claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how he considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). The new regulations "still require that the ALJ provide a coherent explanation of his reasoning" and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." *Sam-Chankhiao v. Kijakazi*, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022) (citing *Hardy v. Commissioner*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021)).

2. <u>Analysis</u>

a. *NP Murphy*

Plaintiff contends the ALJ erred in partially discounting Ms. Murphy's medical opinion testimony, arguing that the ALJ's conclusion that Plaintiff's symptoms improved with medication, diminished use of sedatives, and therapy was inconsistent with the record was not supported by substantial evidence. Pl. Mot. at 18-21. Conversely, Defendant argues that the ALJ properly evaluated Ms. Murphy's medical opinion testimony and her interpretation of the record was reasonable. Def. Mot. at 4-6. The summary of Ms. Murphy's medical opinion testimonies can be found above. The ALJ discounted Ms. Murphy's October 2020 and September 2021 testimonies on the basis of them being: (1) inconsistent with treatment records showing improvement with medication, diminished used of sedatives, and therapy; (2) inconsistent with Plaintiff's daily activities; and (3) inconsistent with other medical opinions and the treatment record. AT 1115-16. Further, the ALJ's evaluation of the December 2022 statements made by Ms. Murphy discounted the testimony because: (1) it was not supported by Ms. Murphy's treatment notes showing only mild to moderate depression; and (2) Ms. Murphy's opinion was inconsistent with that of Dr. Regazzi, which showed initial anxiety at the beginning of Plaintiff's evaluation, which soon dissipated. AT 1116.

The ALJ erred in assessing Ms. Murphy's discounted October 2020 and September 2021 opinion testimonies by concluding that Plaintiff's symptoms improved through medication, diminished use of sedatives, and therapy. In support of this proposition, the ALJ refers generally to treatment records discussed in the ALJ opinion without any specificity. AT 1116. However, a review of the medical record reveals that Plaintiff continued to suffer from skin-picking, self-medication, suicidal ideation, and anxiety-related symptoms throughout the treatment period with little evidence of sustained improvement. For example, the ALJ references a positive response to the drug Celexa in December 2020, which assisted Plaintiff with her anxiety-related symptoms, however, this appears to have been an isolated instance of improvement, as a year later, Plaintiff was self-medicating and experiencing suicidal ideations, which led to the creation of a safety plan. AT 1110-11 (citing AT 382-468, 469-472, 1022-1099). Plaintiff also lapsed in self-harming by cutting herself and self-medicating several times throughout the record and reported suicidal thinking as late as March 2025. AT 1112-14 (citing AT 1434-1515).

In sum, the Court finds that Plaintiff's symptoms "waxed and waned" over the course of her treatment. *Garrison v. Colvin*, 759 F. 3d 995, 1017 (9th Cir. 2014). "Reports of 'improvement' in the context of mental health issues must be interpreted with an understanding of the patient's overall well-being and the nature of [her] symptoms." *Id*. (citing *Ryan v. Commissioner of Social Sec.*, 528 F. 3d 1194 1200-01 (9th Cir. 2008)). By relying on isolated incidents of improvement in Plaintiff's treatment history, the ALJ's discounting of Ms. Murphy's opinion testimony was not supported by substantial evidence. *See Shirley C. v. Commissioner, Social Security Administration*, 2021 WL 3008265, at *9 (D. Or. July 15, 2021) (finding ALJ erred when relying on isolated instances of improvement to discount medical opinion testimony). Thus, the Court grants summary judgment in favor of Plaintiff on this issue.

b. *Other Issues/Claims*

In light of the Court's conclusion that the case must be remanded for reevaluation

of Ms. Murphy's medical opinion testimony, it declines to reach the remaining issues presented by Plaintiff as to whether the ALJ properly evaluated the state agency medical consultants, Dr. Regazzi, and Ms. Burnett's medical opinion testimonies and whether Plaintiff's subjective symptom testimony was properly discounted.

## V. CONCLUSION

In conclusion, the Court grants summary judgment in favor of Plaintiff on whether the ALJ properly evaluated Ms. Murphy's opinion testimony. With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d, at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler,* 775 F.3d, at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether Plaintiff was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed but must sufficiently analyze Ms. Murphy's opinion testimony. The Court expresses no opinion regarding how the evidence should ultimately be weighed,

and any ambiguities or inconsistencies resolved, on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find Plaintiff disabled during the entirety of the relevant period; may find Plaintiff eligible for some type of closed period of disability benefits; or may find that Plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

**ORDER**

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 14) is GRANTED;
2. The Commissioner's cross-motion (ECF No. 16) is DENIED;
3. The final decision of the Commissioner is REVERSED AND REMANDED; and
4. The Clerk of the Court is directed to CLOSE this case.

Dated: November 17, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, yee.3153.25.ss.msj.cjra